```
                IN THE UNITED STATES DISTRICT COURT
                            FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA


DUSTIN LEE JOHNSON,              :
                                 :
        Petitioner               :
                                 :
    v.                           :   CIVIL NO. 3:CV-15-1284
                                 :
DAVID J. EBBERT, WARDEN,         :   (Judge Conaboy)
                                 :
        Respondents              :
```
_____

## **MEMORANDUM**
### **Background**

Dustin Lee Johnson, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Ohio. Petitioner's action was subsequently transferred to this Court. Service of the petition was previously ordered.

Petitioner was arrested on April 19, 2011 on drug related charges in Sylvania Township, Ohio. While confined on those state charges, Johnson was indicted on a state robbery charge in Lucas County, Ohio. The drug charges which led to Petitioner's initial arrest were later dismissed.

On May 20, 2011 Petitioner was released on bail in his Lucas County case. On July 8, 2011, Johnson was sentenced to a

1

17 month term of imprisonment on unrelated state criminal charges from Wood County, Ohio. On July 20, 2011, Petitioner was sentenced to a 2 year term on the Lucas County robbery charge which was ordered to run concurrently to the Wood County sentence.

While serving those sentences, Petitioner was indicted on a bank robbery charge in the United States District Court for the Northern District of Ohio. On November 26, 2012, Johnson was sentenced to a 70 month term of imprisonment by the Northern District of Ohio. Following completion of his federal criminal proceedings, Petitioner was returned to Ohio state custody to complete service his state sentences.[1]

Petitioner was granted parole by the State of Ohio on June 28, 2013 and was transferred into federal custody. His pending petition does not challenge the legality of his federal conviction or sentence. Rather, Johnson maintains that the Federal Bureau of Prisons (BOP) erred in computing his federal sentence because it failed to provide him with 7½ months of good conduct time credits. See id. at p. 4. Johnson elaborates that he is entitled to credit for 7½ months of time served in a Ohio state correctional facility following imposition of his

---

[1] Petitioner acknowledges that he did not appeal his federal conviction and sentence. See Doc. 1, p. 1, ¶ 7.

federal sentence.[2]

Respondent argues that the petition should be denied because Johnson failed to exhaust his available administrative remedies and his sentence was properly computed. See Doc. 10, p. 5.

## Discussion

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920

---

[2] 18 U.S.C. § 3621(b) authorizes the BOP "to designate the place of confinement for purposes of serving federal sentences of imprisonment." Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). Under § 3621(b), the BOP has the authority to recommend that a state prison be designated as the place of service of a federal inmate's sentence in order to make it concurrent with a state sentence being served at the state facility. However, a federal court may not direct that a federal sentence run concurrently with a state sentence. Gomori v. Arnold, 533 F.2d 871, 875 (3d Cir. 1976).

(1993).

Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Since Petitioner is alleging that the BOP failed to properly calculate his federal sentence, this matter is properly asserted under § 2241.

**Exhaustion**

The Respondent contends that according to BOP records although Johnson filed administrative grievances regarding two unrelated issues, he failed to seek administrative relief with respect to his pending claim of improper sentence calculation. Consequently, Respondent concludes that the petition is subject to dismissal on the basis of non-exhaustion. It is noted that although provided with an opportunity to do so, Petitioner has not filed a reply to the non-exhaustion argument.

It is well-settled that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(emphasis added)" Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). A party is required to exhaust administrative remedies before seeking relief in federal court

4

unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006). The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d cir. 2002).

The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance

process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." See 28 C.F.R. § 542.14(a). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond. Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response. Id. at § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

In support of the non-exhaustion argument, Respondent has submitted a declaration under penalty of perjury by USP-Lewisburg Attorney Advisor Michael Romano. See Doc. 10-1, Exhibit 1. Romano states that based upon a search of the BOP's computerized records, Petitioner did not initiate an

administrative grievance regarding his pending claim of entitlement to 7½ months of sentence credit. Accompanying Romano's declaration are copies of Johnson's relevant BOP administrative grievance records.

The Court of Appeals for the Third Circuit has repeatedly recognized that a federal prisoner must exhaust available administrative remedies <u>before</u> seeking habeas corpus relief in federal court. <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996). The Court of Appeals for the Third Circuit affirmed the dismissal of a § 2241 petition that, like Johnson's pending action, had been filed before administrative remedies had been exhausted. <u>Ridley v. Smith</u>, 179 Fed. Appx. 109, 111 (3d Cir. 2006).

Based upon their unopposed submissions, this Court is satisfied that Respondent has satisfied its burden of showing that Johnson's action is premature under the standards developed in <u>Moscato</u> and <u>Ridley</u>. <u>See</u> <u>Murray v. Grondolsky</u> 2009 WL 2044821 *2 (D.N.J. 2009)( dismissal of § 2241 action for non-exhaustion of administrative remedies); <u>Morgan v. Borough of Carteret</u>, 2008 WL 4149640 *5 (D.N.J. 2008) (dismissal for non-exhaustion of administrative remedies). To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative

7

review.

In conclusion, this matter will be dismissed without prejudice. Johnson may reassert his pending claims in a new habeas corpus petition if he receives an unfavorable BOP decision regarding his apparent request for a <u>nunc pro tunc</u> designation, and thereafter fully exhausts his available BOP administrative remedies.[2]  An appropriate Order will enter.


                                    <u>S/Richard P. Conaboy</u>
                                    RICHARD P. CONABOY
                                    United States District Judge

DATED: JANUARY 10, 2017

---

[2] Respondent also points out that the Northern District of Ohio imposed a sentence below the guideline range because the federal sentencing court was aware that Johnson would receive no sentence credit for his state incarceration. <u>See</u> Doc,. 10-1, Exhibit 2, ¶ 12. As such, this Court agrees with the alternative argument by Respondent that Petitioner's claim of entitlement to federal sentence credit for time spent incarcerated by the State of Ohio presently lacks merit.